**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**NIKITA N. ROBINSON,**

                              **Plaintiff,**

    vs.                                                **3:14-cv-0308
                                                                (MAD/DEP)**

**OUR LADY OF LOURDES MEMORIAL
HOSPITAL, INC.,**

                              **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**NIKITA N. ROBINSON**
P. O. Box 3270
Binghamton, New York 13902
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      Plaintiff commenced this action *pro se* on March 21, 2014, against Our Lady of Lourdes Memorial Hospital, Inc. ("Lourdes"). *See* Dkt. No. 1. Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.; the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12, 101 *et seq*.; and 42 U.S.C. § 1983. Plaintiff claims that, during the course of her employment, she was exposed to unlawful harassment, including at least one racial remark by an emergency room physician, and that Plaintiff's complaints to management and human resources personnel at Lourdes were unavailing. *See* Dkt. No. 1 at 8-13. Plaintiff's employment at Lourdes was involuntarily terminated on May 15, 2013. *See id.* at 13. Plaintiff was not provided a specific reason for the termination, although one Lourdes administrator indicated that Plaintiff's lack of availability for work was among the reasons for the

decision.  *See id.*  Plaintiff also alleges that she had previously requested an accommodation to her schedule, under the ADA, due to her attention deficit hyperactivity disorder ("ADHD").  *See id.* at 13, 22, 25.

In a Report, Recommendation, and Order, Magistrate Judge Peebles granted Plaintiff's application to proceed *in forma pauperis* and reviewed the sufficiency of the complaint.  *See* Dkt. No. 4.  As to Plaintiff's section 1983 claim, the report found that Plaintiff failed to plausibly allege any state action and, therefore, the claim is subject to dismissal.  *See id.* at 10.  Further, Magistrate Judge Peebles found that Plaintiff failed to allege plausible facts demonstrating that she is disabled within the meaning of the ADA.  *See id.* at 11-13.  Finally, with respect to Plaintiff's Title VII claims, Magistrate Judge Peebles found that they are subject to dismissal for two reasons: (1) "[P]laintiff fails to allege that she is African American or may otherwise be considered part of a protected class for purposes of Title VII[;]" and (2) "although it is explicitly alleged that a physician made a derogatory remark about black people, there are no other allegations that suggest the harassment [P]laintiff allegedly endured was because of her race."  *Id.* at 14–15.  Finally, Magistrate Judge Peebles recommended that, in light of her *pro se* status, Plaintiff be afforded an opportunity to amend her complaint to correct the identified deficiencies.  *See id.* at 16-17.

In a letter dated May 27, 2014, Plaintiff claims that she has written and audio evidence which substantiates her claims "regarding the work environment and the reason(s) for [her] termination on May 15, 2013."  Dkt. No. 5.  Plaintiff additionally addresses other evidence that she will be able to provide, including a statement from her psychiatrist on how the hostile work environment and her termination impacted her mental health.  *See id.*  In this letter, Plaintiff does not provide specific details regarding the evidence she can provide and does not specifically

address the deficiencies Magistrate Judge Peebles discussed in his Report, Recommendation, and Order. *See id.*

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice

is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Upon a review of Magistrate Judge Peebles' thorough and well-reasoned Report, Recommendation and Order, Plaintiff's submissions and the applicable law, the Court finds no clear error in Magistrate Judge Peebles' recommendations and hereby affirms and adopts the Report, Recommendation and Order as the opinion of the Court. Although Plaintiff indicates that she has evidence substantiating her claims, she makes this assertion in an entirely conclusory fashion, which fails to address the deficiencies discussed in Magistrate Judge Peebles' report.

In light of Plaintiff's *pro se* status, the Court will afford Plaintiff an opportunity to amend her complaint. If Plaintiff decides to amend her complaint, she must clearly set forth the facts that give rise to the claim, including, when possible, the dates, times, and places of the alleged underlying acts, as well as each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of each of the named Defendants that allegedly deprived Plaintiff of her constitutional rights in sufficient detail to establish that they were connected to those deprivations. *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See*

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quotation omitted).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Pebbles' Report, Recommendation, and Order (Dkt. No. 4) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint in this action is dismissed in all respects, with leave to file an amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case, without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

Dated: October 14, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge